IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PARALLEL IRON, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-877 (RGA) |
| | ) | |
| LINKEDIN CORPORATION, | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |

### ANSWER OF DEFENDANT LINKEDIN CORPORATION TO PARALLEL IRON, LLC'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant LinkedIn Corporation. ("LinkedIn") hereby responds to the Complaint for Patent Infringement ("Complaint") filed by Plaintiff Parallel Iron, LLC ("Plaintiff"), as follows:

### PARTIES

1. LinkedIn does not have knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and therefore denies the same.

2. LinkedIn admits it is a Delaware corporation, with its principal place of business located at 2029 Stierlin Court, Mountain View, California 94043, and that its registered agent, Corporation Service Company, is located at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

### JURISDICTION AND VENUE

3. Paragraph 3 states legal conclusions to which no response is required.

4. Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, LinkedIn admits that it is a Delaware corporation. LinkedIn

further admits that it sells and offers for sale services through the website www.LinkedIn.com to customers located throughout the world, including those located within this District. LinkedIn denies committing acts of infringement in this District or elsewhere. LinkedIn denies any and all remaining allegations of Paragraph 4.

5. Paragraph 5 states legal conclusions to which no response is required.

## FACTUAL BACKGROUND

6. LinkedIn does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies the same.

7. LinkedIn does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies the same.

8. LinkedIn admits that U.S. Patent No. 7,197,662 issued in 2007, U.S. Patent No. 7,543,177 issued in 2009, and U.S. Patent No. 7,958,388 issued in 2011. LinkedIn does not have knowledge or information sufficient to form a belief as to the truth of any and all remaining allegations in Paragraph 8 and therefore denies the same.

9. Paragraph 9 states legal conclusions to which no response is required. To the extent a response is required, LinkedIn denies the allegations in Paragraph 9.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 7,197,662

10. LinkedIn repeats and incorporates herein by reference each of the responses to Paragraphs 1 through 9 as if fully set forth herein.

11. LinkedIn admits that Exhibit A of the Complaint purports to be a copy of U.S. Patent No. 7,197,662 ("the '662 Patent"), which is titled "Methods and Systems for a

Storage System" and has an issuance date of March 27, 2007 on its face. LinkedIn denies the remaining allegations in Paragraph 11.

12.   LinkedIn admits that it uses in the United States a product and/or service that contains the Hadoop Distributed Files System ("HDFS"). LinkedIn denies the remaining allegations in Paragraph 12.

13.   Paragraph 13 states legal conclusions to which no response is required. To the extent a response is required, LinkedIn denies the allegations in Paragraph 13.

14.   Paragraph 14 states legal conclusions to which no response is required. To the extent a response is required, LinkedIn denies the allegations in Paragraph 14.

15.   Paragraph 15 states legal conclusions to which no response is required. To the extent a response is required, LinkedIn denies the allegations in Paragraph 15.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 7,958,388

16.   LinkedIn repeats and incorporates herein by reference each of the responses to Paragraphs 1 through 15 as if fully set forth herein.

17.   LinkedIn admits that Exhibit B of the Complaint purports to be a copy of U.S. Patent No. 7,958,388 ("the '388 Patent"), which is titled "Methods and Systems for a Storage System" and has an issuance date of June 7, 2011 on its face. LinkedIn denies the remaining allegations in Paragraph 17.

18.   Paragraph 18 states legal conclusions to which no response is required. To the extent a response is required, LinkedIn denies the allegations in Paragraph 18.

19.   Paragraph 19 states legal conclusions to which no response is required. To the extent a response is required, LinkedIn denies the allegations in Paragraph 19.

20. Paragraph 20 states legal conclusions to which no response is required. To the extent a response is required, LinkedIn denies the allegations in Paragraph 20.

## COUNT III

### INFRINGEMENT OF U.S. PATENT NO. 7,543,177

21. LinkedIn repeats and incorporates herein by reference each of the responses to Paragraphs 1 through 20 as if fully set forth herein.

22. LinkedIn admits that Exhibit C of the Complaint purports to be a copy of U.S. Patent No. 7,543,177 ("the '177 Patent"), which is titled "Methods and Systems for a Storage System" and has an issuance date of June 2, 2009 on its face. LinkedIn denies the remaining allegations in Paragraph 22.

23. Paragraph 23 states legal conclusions to which no response is required. To the extent a response is required, LinkedIn denies the allegations in Paragraph 23.

24. Paragraph 24 states legal conclusions to which no response is required. To the extent a response is required, LinkedIn denies the allegations in Paragraph 24.

25. Paragraph 25 states legal conclusions to which no response is required. To the extent a response is required, LinkedIn denies the allegations in Paragraph 25.

### PRAYER FOR RELIEF

Having responded to the allegations in the Complaint as set forth above, LinkedIn denies that Plaintiff is entitled to any relief requested in its Prayer for Relief, and respectfully requests that the Court enter judgment against Plaintiff on all of its claims.

### LINKEDIN'S AFFIRMATIVE DEFENSES

In further response to the Complaint, and without conceding or assuming that LinkedIn bears the burden of proof as to any of them, LinkedIn asserts the following affirmative

and other defenses to Parallel Iron's Complaint. LinkedIn reserves the right to amend its Answer to add additional Affirmative Defenses as additional information becomes available.

### First Affirmative Defense: Failure to State a Claim

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense: Non-Infringement

LinkedIn does not infringe and has not infringed any claim of the '662, '388, and '177 Patents, either literally or under the doctrine of equivalents.

### Third Affirmative Defense: Invalidity

Each claim of the '662, '388, and '177 Patents is invalid and/or unenforceable for failing to comply with one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fourth Affirmative Defense: No Injunctive Relief

Plaintiff is not entitled to injunctive relief because LinkedIn has not infringed and is not infringing any valid and enforceable claim of the asserted '662, '388, and '177 Patents and because any purported injury to Plaintiff is not immediate or irreparable. To the extent Plaintiff proves that it would be entitled to any relief, it would have an adequate remedy at law. Moreover, the public interest and balance of hardships weigh against an injunction under the circumstances of this case.

### Fifth Affirmative Defense: Estoppel

Because of limitations in the claims of the '662, '388, and '177 Patents, statements made in the specifications of the '662, '388, and '177 Patents, prior art to the '662, '388, and '177 Patents and/or proceedings in the U.S. Patent and Trademark Office during prosecution of the applications that led to the issuance of the '662, '388, and '177 Patents and/or

during related patent application proceedings (including by way of example and without limitation amendments, remarks, representations, concessions and/or admissions made by or on behalf of the applicant and/or patentee), Plaintiff is estopped from asserting that claims of the '662, '388, and '177 Patents cover any apparatus, system, device, product, service or method of LinkedIn accused of infringing the '662, '388, and '177 Patents.

### Sixth Affirmative Defense: Waiver, Laches, Unclean Hands and Estoppel

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, laches, unclean hands and/or estoppel.

### Seventh Affirmative Defense: Pre-Suit Damages Are Barred

Plaintiff's claim for damages predating the filing of this lawsuit is barred by its failure to provide actual or constructive notice as required by 35 U.S.C. § 287 or otherwise.

### Eighth Affirmative Defense: No Entitlement to Enhanced Damages

Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284 or pursuant to the Court's inherent powers.

### Ninth Affirmative Defense: No Entitlements Under 35 U.S.C. § 285

Plaintiff is not entitled to a finding that this case is exceptional or to attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent powers.

### Tenth Affirmative Defense: Failure To Mitigate

Plaintiff has failed to mitigate any damages and/or losses it alleges to have incurred as a result of any action taken by and/or on behalf of LinkedIn.

### Eleventh Affirmative Defense: Action Including An Invalid Claim

Plaintiff's prayer for costs is barred, in whole or in part, by Plaintiff's failure to disclaim any invalid claims under 35 U.S.C. § 288.

**Twelfth Affirmative Defense:  License And/Or Exhaustion**

Plaintiff's claims for infringement of the '662, '388, and '177 Patents are precluded in whole or in part (i) to the extent any allegedly infringing products are supplied, directly or indirectly, to LinkedIn by an entity or entities having express or implied licenses to the '662, '388, and '177 Patents and/or (ii) under the doctrine of patent exhaustion.

**Other Affirmative Defenses**

LinkedIn's investigation of the claims and its defenses is continuing.  In addition to the affirmative defenses set forth herein, LinkedIn expressly reserves the right to allege and assert any additional affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense, at law or in equity, that may now exist or become known or available in the future based upon discovery and further investigation in this case.

**LINKEDIN'S PRAYER FOR RELIEF**

WHEREFORE, LinkedIn respectfully requests that this Court enter an Order and Judgment against Plaintiff as follows:

  A. Denying all claims for relief set forth in the Complaint and entering judgment in favor of LinkedIn and against Plaintiff on all claims;

  B. Declaring that LinkedIn has not infringed and is not infringing any valid and/or enforceable claim of the '662, '388 and '177 Patents;

  C. Declaring all claims of the '662, '388 and '177 Patents to be invalid;

  D. Declaring that Plaintiff is not entitled to any damages, and/or any claim by Plaintiff to damages is additionally barred or limited by 35 U.S.C. §§ 287-288 and/or one or more of the other affirmative defenses;

E. Dismissing Plaintiff's Complaint with prejudice;

F. Enjoining Plaintiff, its agents, and all persons acting in concert or participation with Plaintiff from asserting claims against LinkedIn for infringement of the '662, '388 and '177 Patents;

G. Declaring that this case is exceptional under 35 U.S.C. § 285 to support an award to LinkedIn of its attorneys' fees and costs incurred in connection with this action; and

H. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

LinkedIn demands a trial by jury as to all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Christopher Kao
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
(650) 838-4300

September 5, 2012
6367587.1

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 5, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Richard D. Kirk, Esquire<br>Stephen B. Brauerman, Esquire<br>Vanessa R. Tiradentes, Esquire<br>BAYARD, P.A.<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL* |
| Marc A. Fenster, Esquire<br>Alexander C.D. Giza, Esquire<br>RUSS, AUGUST & KABAT<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, CA 90025-1031 | *VIA ELECTRONIC MAIL* |
| Hao Ni, Esquire<br>NI LAW FIRM, PLLC<br>3102 Maple Avenue, Suite 400<br>Dallas, TX 75201 | *VIA ELECTRONIC MAIL* |

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)